IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY GUARDIAN COMPANY INC., | |
| Plaintiff, | No. C 09-03833 JSW |
| v. | |
| VILLAGE VOICE MEDIA LLC, ET AL., | **ORDER GRANTING MOTION TO REMAND** |
| Defendants. | |

Now before the Court is the motion to remand this action to state court filed by plaintiff Bay Guardian Company Incorporated ("Bay Guardian") and the motion to dismiss filed by defendants Village Voice Media, LLC and Village Voice Media Holdings, LLC (collectively, "Village Voice entities"). These matters are now fully briefed and ripe for decision. The Court finds that these matters are appropriate for disposition without oral argument and the matters are deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for January 22, 2010 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant authority, and good cause appearing, the Court hereby GRANTS the Bay Guardian's motion to remand and DENIES the Village Voice entities' motion to dismiss as moot.

**BACKGROUND**

Bay Guardian initially filed this action against New Times Media, LLC, SF Weekly, LP, and East Bay Express Publishing, LP (collectively, the "Current Defendants") in 2004 in the Superior Court of the State of California for the County of San Francisco. Judgment was entered in that case in 2008. In July of 2009, Bay Guardian moved to amend judgment pursuant

1  to California Code of Civil Procedure § 187 to name the Village Voice entities as additional
2  judgment debtors. In that motion, Bay Guardian argues that the Village Voice entities are the
3  alter ego of the Current Defendants. Bay Guardian now moves to remand this action.

**ANALYSIS**

**I.  Legal Standards Relevant to Removal Jurisdiction.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

**A.  There is No Federal Question Jurisdiction.**

The Village Voice entities argue that a federal question is presented based on their anticipated due process defense. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. 1, 27-28 (1983). A court cannot exercise removal jurisdiction, however, on the ground that the complaint gives rise to a potential or an anticipated defense that might raise a federal question, even if the defense is the only question truly at issue in the case.

2

*Id.* at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original). Because a case may not be removed to federal court merely on the basis of a federal defense, the Village Voice entities fail to demonstrate that there is federal jurisdiction for purposes of removal.

### B. Removal Based on Diversity Jurisdiction is Untimely.

The Village Voice entities also contend that removal is warranted based on diversity jurisdiction. However, even to the extent there is complete diversity between the parties, which appears unlikely, the Village Voice entities did not remove this action within the one-year deadline. A defendant who wishes to remove to federal court must file a notice of removal within thirty days after the receipt by the defendant of formal service of process. 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after [defendant receives] an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity jurisdiction] more than 1 year after commencement of the action*." 28 U.S.C. § 1446(b) (emphasis added). "[T]he [§ 1446(b)] time limit is mandatory and a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

The Village Voice entities argue that the one-year deadline does not bar removal because the Bay Guardian's motion to amend judgment should be considered a new, independent action. A motion to amend a judgment "to add an alter ego is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant." *See Carr v. Barnabey's Hotel Corp.*, 23 Cal. App. 4th 14, 21 (1994) (internal quotation marks and citation

3

1 omitted); *see also McClellan v. Northridge Park Townhome Owners Ass'n, Inc.*, 89 Cal. App.
2 4th 746, 752 (2001) ("Utilizing section 187, judgments are typically amended to add additional
3 judgment debtors on the grounds that a person or entity is the alter ego of the original judgment
4 debtor. ... This is an equitable procedure based on the theory that the court is not amending the
5 judgment to add a new defendant but is merely inserting the correct name of the real defendant.
6 ... Such a procedure is an appropriate and complete method by which to bind new individual
7 defendants where it can be demonstrated that in their capacity as alter ego of the corporation
8 they in fact had control of the previous litigation, and thus were virtually represented in the
9 lawsuit."). The Village Voice entities liken the motion to amend judgment to post-judgment
10 proceedings such as garnishments. According to the Village Voice entities, Bay Guardian's
11 motion should not be treated as a motion to amend judgment because Bay Guardian is
12 attempting to use this procedure to bring two new entities into court based on new claims.
13 However, their argument goes to the merits of the motion to amend judgment. If Bay Guardian
14 is using this procedure inappropriately, then the state court can adjudicate and deny the motion.

15 Relying on *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), the Village
16 Voice entities also argue that the Court should find that Bay Guardian is equitably estopped
17 from challenging the late removal. First, it is not clear that the Ninth Circuit would recognize
18 an equitable exception to the statutory time limit set forth in 28 U.S.C. § 1446(b). Notably, "the
19 Ninth Circuit strictly construes removal statutes and places a heavy burden on defendants to
20 demonstrate that removal is proper." *Blue v. Equifax Information Services, LLC*, 2007 WL
21 602295, *2 (N.D. Cal. Feb. 22, 2007) (rejecting request to recognize an exception to the clear
22 statutory language setting forth the one-year time limit). Second, even if the Court were to
23 follow the Fifth Circuit's approach in *Tedford*, the Village Voice entities have not fulfilled their
24 burden to demonstrate that Bay Guardian engaged in improper forum manipulation to warrant

4

equitable tolling.  Therefore, the Court finds that the Village Voice entities have not shown that their removal was timely and, thus, grants the Bay Guardian's motion to remand.[1]

### C.  Request for Attorneys' Fees

Pursuant to 28 U.S.C. Section 1447(c), Bay Guardian requests an award of attorney's fees and costs incurred as a result of the Village Voice entities' allegedly improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  To determine whether to award costs and fees under Section 1447(c), this Court has a "great deal of discretion." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993). Although it was not ultimately persuaded by the Village Voice entities' arguments, the Court does not find that removal was frivolous or motivated by bad faith.  The Court therefore declines to exercise its discretion to award Bay Guardian fees and costs under § 1447(c).

### CONCLUSION

For the foregoing reasons, the case is remanded to the Superior Court of California for the County of San Francisco.  The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated:   January 20, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court has ordered that the case be remanded, the motion to dismiss and the motion to seal a document in support of the motion to dismiss are moot and need not be addressed.

5